## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN T. LUCCA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-4124 |
| | : | |
| GEICO INSURANCE COMPANY | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2016, upon consideration of defendant, GEICO Insurance Company's, Motion *in Limine*, and any response thereto, it is hereby ORDERED that said motion is **GRANTED**. Plaintiff is prohibited from offering evidence or testimony regarding the amount of underinsured motorist coverage on the insurance policy at issue and any premiums paid for underinsured motorist coverage.

BY THE COURT:

_____
                                                                J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARREN T. LUCCA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-4124 |
| | : | |
| GEICO INSURANCE COMPANY | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of defendant, GEICO Insurance Company's, Motion *in Limine*, and any response thereto, it is hereby ORDERED that said motion is **GRANTED in part and DENIED in part**. Plaintiff may offer evidence regarding the amount of motorist coverage on the insurance policy at issue and any premiums paid for underinsured motorist coverage during the relevant policy period. GEICO may offer evidence and testimony regarding the limits of insurance available to the tortfeasor, the amount accepted by plaintiff to settle the tort claim, and the circumstances of the settlement with the tortfeasor.

BY THE COURT:

_____
                                        J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARREN T. LUCCA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-4124 |
| | : | |
| GEICO INSURANCE COMPANY | : | |
| | : | |

**MOTION *IN LIMINE* OF DEFENDANT, GEICO GENERAL INSURANCE COMPANY, TO
PROHIBIT INTRODUCTION OF CERTAIN INSURANCE COVERAGE INFORMATION**

Defendant, GEICO General Insurance Company (incorrectly identified as "GEICO Insurance Company")(hereinafter "GEICO"), by and through its attorneys, McCormick & Priore, P.C., hereby submits this Motion in *Limine*, for the reasons set forth in the included Brief, which is incorporated by reference herein.

**WHEREFORE**, defendant, GEICO General Insurance Company, respectfully requests that this Court grant the within Motion *in Limine* and preclude evidence regarding certain insurance information.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

*/s/ Robert J. Cahall*

BY: _____

Scott J. Tredwell, Esquire
Robert J. Cahall, Esquire
4 Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 972-0161
Attorneys for Defendant,
GEICO General Insurance Company

Dated:  May 12, 2016

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARREN T. LUCCA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-4124 |
| | : | |
| GEICO INSURANCE COMPANY | : | |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANT, GEICO GENERAL INSURANCE COMPANY'S,**
**MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF CERTAIN INSURANCE**
**INFORMATION**

In support of its Motion *in Limine*, defendant, GEICO General Insurance Company (hereafter "GEICO"), hereby provides the following brief:

## I.  STATEMENT OF LEGAL CONTENTION AND AUTHORITIES

GEICO contends that information regarding the underinsured motorist ("UIM") coverage limits and insurance policy premiums is both irrelevant and creates a disproportionate risk of confusing and unfairly prejudicing the jury in this contractual UIM matter, under Federal Rules of Evidence 401-403.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff instituted the current action via a Complaint filed in the Delaware County Court of Common Pleas on June 29, 2015. A true and correct copy of plaintiff's Complaint is attached hereto at Exhibit "A." On July 22, 2015, GEICO timely filed Notice of Removal to the United States District Court for the Eastern District of Pennsylvania, based on diversity of citizenship. *See* 28 U.S.C. § 1332. Although plaintiff's Complaint initially alleged three counts, at this juncture, the sole count remaining against GEICO is a contractual claim for underinsured motorist benefits, found at Count III of the Complaint. *See* Exhibit "A."

As set forth in plaintiff's Complaint, GEICO is alleged to have failed to pay underinsured motorist ("UIM") benefits commensurate with the "reasonable value" of the claim, and that UIM benefits are owed to plaintiff under the terms of the policy. *See, e.g.*, Exhibit "A" ¶¶51, 53. Plaintiff alleges that he sustained injuries in an April 8, 2011 motor vehicle accident, and that the alleged tortfeasor's liability limits were insufficient to fully compensate him for his injuries. *See* Exhibit "A" ¶¶ 4, 14-16.

The subject GEICO policy was delivered to Kevin P. Williamson, plaintiff's step-father, and lists Mr. Williamson and Kim Williamson, plaintiff's mother, as insureds. A certified copy of this policy is attached hereto at Exhibit "B." Plaintiff, Darren Lucca, is listed as an additional driver on the policy. *Id.*

The policy carries underinsured motorist benefits limits of $300,000 per person/$300,000 per accident, stacked for three vehicles (*i.e.*, a total of $900,000 in UIM limits). *Id.*  For the relevant policy period (March 4, 2011 through September 4, 2011), the Named Insured was charged an underinsured motorist coverage premium of $75 for one vehicle, $112.50 for a second vehicle, and $112.50 for the third vehicle on the policy, for a total UIM premium of $300.

There is *no dispute* that the GEICO policy contains an applicable UIM limit of $900,000, that plaintiff is a resident-relative of the insureds and thus eligible for "stacked" UIM limits, and that the policy was in full force and effect at the time of the accident. Thus, the *only* disputed issue for the jury to adjudicate is the value of plaintiff's alleged injuries.

2

III.    **ARGUMENT**

A.  **Statutory and Contractual Underpinnings of a UIM Claim.**

Underinsured motorist coverage is prescribed by statute:

> Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are **legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles**.

*See* 75 Pa.C.S. § 1731(c) (emphasis added). Likewise, the subject GEICO policy language provides as follows:

> Under this coverage, we will pay damages for ***bodily injury*** caused by an accident which the ***insured*** is legally entitled to recover from the owner or operator of an ***underinsured motor vehicle*** arising out of the ownership, maintenance or use of that motor vehicle.
>
> The amount of the ***insured's*** recovery for these damages will be determined by agreement between the ***insured*** or his representative and us. If any ***insured*** making a claim under this coverage and we do not agree:
>
> 1.  Whether that person is legally entitled to recover damages from the owner or operator of an ***underinsured motor vehicle***; or
>
> 2.  As to the amount of damages
>
> then the dispute shall be resolved in a court of competent jurisdiction in the county or federal district where the ***insured*** resided at the time of the accident. Should a dispute proceed to litigation we will be obligated to pay no more than the applicable policy limits for this coverage. Upon the written agreement of all parties, the dispute under 1. or 2. Above, may be submitted to arbitration. However, neither the ***insured*** nor we will be required to arbitrate unless both parties voluntarily agree in writing to submit the matter to arbitration.

*See* Exhibit "B," A-472 (05-09).

Consequently, UIM claims are, conceptually, a hybrid of "first party" and "third party" claims, in that the insured is making a direct claim (as a "first party") to the insurance contract, but

the claim is evaluated (and adjudicated) based on "third party" (*i.e.*, tort law) principles of liability, causation, and damages. *See Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143-44 (Pa. Super. Ct. 2006); *Zappile v. Amex Assur. Co.*, 928 A.2d 251, 256 (Pa. Super. Ct. 2007) ("A UIM claim is not strictly a first party claim and it is 'inherently and unavoidably adversarial.'") (citation and quotations omitted); *see also Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp.2d 525, 528 (E.D. Pa. 2013) (Accord).

### B.  Standard For Admission of Evidence

Under the Federal Rules of Civil Procedure, "relevant" evidence is admissible unless it is otherwise excluded by statute, court rules, or the federal constitution. F.R.E. 402. Correspondingly, "[i]rrelevant evidence is not admissible." *Id.* The rules define "relevant" evidence as follows

> Evidence is relevant if:
> (a)  it has any tendency to make a fact more or less probable than it
>       would be without the evidence; and
>
> (b)  the fact is **of consequence** in determining the action.

F.R.E. 401 (emphasis added). Evidence may also be excluded if "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

Although a fact need not be disputed to be "of consequence," when a fact is conceded by the opposing party, the court may properly evaluate excluding evidence directed to the conceded fact based on "such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute." *See* Advisory Committee Note to Rule 401.

4

**C. Given The Issues *of Consequence* to be Adjudicated in This UIM Claim, Evidence Regarding Policy Premiums and Coverage Limits Has No Probative Value.**

As set forth above, the *sole* issue to be tried in this case is the value of plaintiff's alleged injuries. Plaintiff seeks to offer evidence to the jury that the policy contains a UIM *limit* of $900,000. He further seeks to offer evidence regarding premiums paid for UIM coverage, recently requesting information regarding premiums paid for the *entire history* of the policy, well beyond the policy period at issue (although there is no allegation that GEICO breached the insurance contract at any time *other than* during this policy period).

As a threshold point, plaintiff is not the Named Insured and was not charged *any* premiums for this policy; they were billed to, and paid by, the Named Insured (*i.e.*, Mr. Williamson); only the *Named* Insured on an insurance policy can be deemed to have paid premiums and selected the relevant coverages. *Cf. Peters v. Nat'l Interstate Ins. Co.*, 108 A.3d 38, 46 (Pa. Super. Ct. 2014) ( "Because Appellees were **not named insureds**, they did not elect UIM coverage under the Evans Delivery policy at issue, indeed, could not, and indisputably paid no premium for it.") (emphasis added). Thus, the amount of money that *someone else* paid for insurance coverage that he now pursues has no bearing on anything "of consequence" to this case.

The overall amount of coverage has no role in the jury's review and deliberations of the value *of the injuries*. The amount of premiums paid *by someone else* for this UIM coverage has no role in the jury's review and deliberations of the value *of the injuries.* Case law on this issue is sparse; research discloses that the one reported decision on the point allowed the evidence, but did not offer reasoning as to how the evidence was consequential, beyond characterizing it as "background." *See Noone v. Progressive Direct Ins. Co.*, 2013 WL 8367579 (M.D. Pa. 2013). In *Noone*, the Court reasoned as follows:

5

> We find that the evidence at issue is relevant and not unfairly prejudicial, confusing or misleading. The subject of this case is the alleged breach of an insurance policy with regard to providing underinsured motorist benefits. Underinsured motorist benefits are used to compensate an insured when her damages exceed the benefits available under the tortfeasor's liability policy. **Thus, it is important that the jury understand the limits of the tortfeasor's liability insurance, and the amount that plaintiff received from that insurance.**
>
> Additionally, the insurance policy plaintiff purchased from defendant is the contract at issue. **It is not overly prejudicial to the defendant for the jury to know the amount of coverage that plaintiff purchased or the amount that she paid for the policy. This information, even if it is merely background information, will assist the jury in completely understanding and evaluating the case**.

*Id.* at *2 (emphasis added) (citation omitted).

With due respect to the *Noone* Court, the opinion states that the UIM limits and premium information "will assist the jury in completely understanding and evaluating the case," but does not explain how this is so. In a UIM trial, the jury is *not* asked to evaluate how much coverage exists or whether it applied. The jury is *not* asked to evaluate the reasonableness or propriety of the UIM carrier's conduct. It is asked only to determine the insured's legal entitlement to recover from the third party tortfeasor, just as though it were a tort claim.

Once the jury renders its verdict, the Court can mold the verdict, accordingly, such as to deducted for the credit arising from the tortfeasor's liability limit and, if necessary, to mold the remainder to conform the contractual coverage limits. To suggest, or imply, that a plaintiff's physical injuries and damages should be assigned a greater value because there are substantial UIM *limits* and those limits were purchased by premiums is, by definition, an attempt to confuse or prejudice the jury's fair evaluation of the *sole* matter in dispute. *See* F.R.E. 403.

6

**D. If Applying *Noone* to Allow Plaintiff to Offer Evidence of Premiums and Coverage Limits, Then GEICO Should Correspondingly Be Permitted to Offer Evidence As to the Liability Coverage and Plaintiff's Settlement for a Lesser Amount.**

For the reasons set forth above, it is GEICO's position that all information regarding premiums, coverage limits, underlying liability insurance, and the tort settlement is inadmissible. However, if plaintiff is permitted to offer coverage and premium information, then *Noone* correspondingly requires that GEICO be permitted to offer evidence of the tort limits and the amount of the tort settlement.

It is expected that plaintiff will rely on the *Noone* case to admit the disputed evidence. However, *Noone* stands for more than merely introducing the premium payment and coverage limits. Rather, *Noone* would allow introduction of the liability insurance limits, the amount of the tort settlement, and other "background" information:

> We find that the evidence at issue is relevant and not unfairly prejudicial, confusing or misleading. The subject of this case is the alleged breach of an insurance policy with regard to providing underinsured motorist benefits. Underinsured motorist benefits are used to compensate an insured when her damages exceed the benefits available under the tortfeasor's liability policy. **Thus, it is important that the jury understand the limits of the tortfeasor's liability insurance, and the amount that plaintiff received from that insurance.**

*Noone*, *supra*, at *2 (emphasis added) (citation omitted).  Thus, the *Noone* Court intended to advise the jury of *both* the limits of UIM coverage *and* the liability limits of the tortfeasor (for which the UIM carrier would be entitled to a credit).

To the extent plaintiff relies on *Noone* in this case, *Noone's* rationale cannot be imported piecemeal. That is, a claimant cannot argue that *Noone* is persuasive for the desired evidence (the coverage limits and premiums) but is not persuasive for the intertwined "background" information of

7

the UIM credit and circumstances of the tort settlement. Thus, if importing the reasoning of *Noone*, not only would the UIM claimant offer evidence of coverage limits and premium payments, the UIM insurer would then, if applying *Noone* equally, be permitted to offer evidence regarding the amount of the liability limits and the amount that plaintiff "received from that insurance." *Id.*

In this case, the latter point is of particular significant to the parties. Plaintiff received $75,000 out of a $100,000 liability policy. Plaintiff's $75,000 settlement was a *recommended* settlement figure, offered by a mediator, after the tort case was mediated. Thus, if "background" information is important, then GEICO must be correspondingly be permitted to offer evidence indicating that plaintiff was recommended to accept, *and did in fact accept*, $75,000 out of $100,000 in liability insurance proceeds.

Of course, none of these facts (GEICO's coverages and the circumstances of the tort settlement) make the injuries more or less valuable. However, plaintiff wishes to offer extraneous information for "background," and, in that event, the parties should be placed on equal footing.

### E. Legal Entitlement to Recover on a UIM Claim is Evaluated Through the Lens of Tort Law, Which Disfavors Improperly Influencing the Jury With Insurance Information

As fully detailed above, UIM claims are hybrids of tort and contract law. They arise under a contract, but are evaluated under tort law principles. Case law from this district, under separate but instructive circumstances, confirms that tort, not contract, law defines the presentation of the claim to the jury. Thus, insurance information should not be admitted.

In *Willett v. Allstate Ins. Co.*, 359 Fed.Appx. 349 (3d Cir. 2009), the decedent insured was covered by a Pennsylvania insurance policy, and he sustained fatal injuries in an accident in Waldo, Maine. The liability claim settled for $454,249, and the Estate then pursued a UIM claim in

Pennsylvania, seeking $100,000 in UIM benefits. *Id.* at 350. However, it was undisputed by the parties that the third party tort recovery was the maximum recoverable damages under statutory law. *Id.* In concluding that the estate did not have a cognizable UIM claim, the Third Circuit stated:

> The issue in this case is, therefore, the meaning of the policy language limiting recovery to damages that decedent was "legally entitled" to recover from Piersiak. This phrase clearly and unambiguously states that coverage depends upon the decedent's legal right to damages from Piersiak. If decedent has no right to recover damages from Piersiak, then Allstate has no responsibility under its policy. If decedent has a right to recover only partial damages from Piersiak, then Allstate is required to pay only that amount. In short, **Allstate's contractual liability, as established by the provisions of its policy, <u>is derivative of Piersiak's tort liability.</u>**

*Id.* at 351 (emphasis added).

Perhaps even more relevant to the present issue, in *Renner v. Progressive Northern Ins. Co.*, 2014 WL 1091359 (E.D. Pa. 2014), the Court held that the insured could "board" various medical expenses because the *tort* claim was controlled by Delaware law, and, under Delaware law, the insured would be legally entitled to recover those damages under Delaware's collateral source rule. In that case, the Pennsylvania policy contained a choice of law provision, but the accident occurred in Delaware, with a Delaware tortfeasor; Pennsylvania law generally prohibited the introduction of the medical bills at issue, but Delaware law did not. *Id.* at *4. The Court, citing *Willett*, *supra*, explained:

> As such, the court believes that the UIM provision creates derivative liability on the part of Progressive vis-a-vis Mr. James, the tortfeasor in the underlying tort claim. Moreover, the parties concede that plaintiff's lawsuit against Mr. James was governed by Delaware law and that Delaware follows the collateral source rule. As such, plaintiff was entitled to recover full damages from Mr. James without an offset for benefits received from collateral sources. **Because Progressive's liability is derivative of Mr. James, plaintiff is likewise entitled to recover UIM benefits from Progressive without an offset for collateral sources.**

*Id.* (emphasis added).

While neither of the foregoing cases addresses the exact issue at hand, they are informative for the broad proposition that UIM claims are *derivative* of the tort claim and should be presented to the jury *just as the tort claim would*. Sometimes, as in *Renner*, this inures to the insured's benefit, allowing a double-recovery to the insured that would otherwise be unavailable under Pennsylvania law.

However, there are two sides to this coin. Just as an insured might gain an advantage by the application tort law principles when evaluating entitlement to recover and admissibility of evidence of medical bills, the insured is also subject to a corresponding *limitation* on what may or should be introduced in the UIM claim. If the matter were tried as a tort case against the tortfeasor, limits of insurance and premiums paid for insurance would generally be prohibited, for the obvious reason that such evidence is irrelevant and prejudicial. *See* F.R.E. 411. While Rule 411 does not by its terms apply in a UIM case, the principles it embodies do. That is, a jury evaluating *tort* liability and damages has no reason to be informed about insurance information, as it has no relationship to the jury's role.

## F. Independently, Even Assuming *Arguendo* That This Information Had Some Marginal Probative Value, Such Value is Substantially Outweighed by the Danger of Unfair Prejudice and Misleading the Jury.

While it is GEICO's position that this evidence has *no* relevance, even assuming it had some marginal relevance (*i.e.*, "background" information, as characterized by *Noone*, *supra*), it should nevertheless be excluded as unduly prejudicial and misleading to the jury. Rule 403 requires a balancing test in this regard, and any allegedly probative value of the evidence is substantially outweighed by the risks of such prejudice and confusion.

Advising juries of the amounts of UIM coverage, when they are *not being asked* to make any adjudications as to the existence or amounts of coverage, merely invites confusion and prejudice,

with little or no corresponding probative value to the facts "of consequence' to the case *See* F.R.E. 403; *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) ("That is, evidence may be excluded if its probative value is not worth the problems that its admission may cause, *e.g.* unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.") (citation omitted).

This is particularly true when the evidence has *no* probative value and carries a danger of confusion and prejudice. Accordingly, on this alternative basis, the evidence should be excluded.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, defendant, GEICO General Insurance Company, respectfully requests that the Court grant its Motion *in Limine*.

Respectfully submitted,

**McCORMICK & PRIORE, P.C.**

*/s/ Robert J. Cahall*

BY:_____

Scott J. Tredwell, Esquire
Robert J. Cahall, Esquire
4 Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 972-0161
Attorneys for Defendant,
GEICO General Insurance Company

Dated: May 12, 2016

## <u>CERTIFICATE OF SERVICE</u>

I, Robert J. Cahall, Esquire, attorney for Defendant, GEICO General Insurance Company, in the within action hereby certify that I am duly authorized to make this certification and that, on this date, I did cause a true and correct copy of the foregoing ***Motion in Limine***, was filed electronically and is available for viewing and downloading from the ECF system.  Therefore, a true and correct copy of the ***Motion in Limine*** was forwarded to counsel identified below via ECF.

Guy N. Paolino, Esquire
Forbes, Bender, Paolino, & DiSanti, P.C.
205 North Monroe Street
Media, Pennsylvania 19063

**McCORMICK & PRIORE, P.C.**

*/s/ Robert J. Cahall*

BY:_____
Scott J. Tredwell, Esquire
Robert J. Cahall, Esquire
4 Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 972-0161
Attorneys for Defendant,
GEICO Insurance Company

Dated: May 12, 2016