**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARREN T. LUCCA,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **GEICO INS. CO.,** | : | **No. 15-4124** |
| *Defendant.* | : | |

**MEMORANDUM**

PRATTER, J.                                                                                   JULY 7, 2016

Darren Lucca sued his insurer Geico Insurance Company ("Geico") for refusing to provide underinsured motorist benefits after he was injured in an April, 2011 car accident. As trial approaches, the only issue remaining in the case is the extent of the damages attributable to the accident. Geico has moved *in limine* to exclude any testimony or other evidence relating to the underinsured motorist policy limits and the amount of premiums paid for the policy, arguing that those facts are not relevant to the limited issue to be decided by the jury. Mr. Lucca opposes the motion, contending that the case is one for breach of contract and the details of the contract provide relevant background information for the jury. After discussing the motion at a conference in Chambers and giving the parties an opportunity to resolve the issue without Court intervention, the parties have informed the Court that they are unable to come to a compromise. Thus, the issue is ripe for decision, and the Court will grant Geico's motion.

**BACKGROUND**

On April 8, 2011, Plaintiff Darren Lucca was involved in a car accident due to the negligence of another motorist, causing him to suffer various personal injuries. At the time, his car was insured by Defendant Geico. As part of his policy, Mr. Lucca had underinsured motorist

benefits.  The other motorist had $100,000 in coverage through his insurance carrier, which Mr. Lucca alleges was insufficient to cover his injuries.

On January 8, 2015, Mr. Lucca sought Geico's consent to settle his claim with the other motorist's insurer for $75,000.  He also sought underinsured motorist benefits from Geico. Geico denied his claim, believing that Mr. Lucca had received $75,000 from the other motorist's insurance as an award in binding arbitration, not in settlement, and that therefore the other motorist was not underinsured.

Mr. Lucca initially filed a three-count Complaint, alleging bad faith, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and breach of contract, in state court.  In that Complaint, he sought compensatory damages, treble damages (under Count II), punitive damages, and attorney's fees.  Geico removed the Complaint to this Court and moved to dismiss the bad faith claim.  Before that motion was ripe, the parties stipulated to the dismissal of that claim without prejudice.  Later, the parties also stipulated to the dismissal of the Pa UTPCPL claim, leaving only the breach of contract claim.

The parties' remaining dispute is solely about the value of Mr. Lucca's claim because liability will not be contested.  Mr. Lucca outlines various items of damages in his pretrial memo, including wage loss, loss of future earning capacity, co-pays and prescriptions, and other medical bills.  Geico filed a motion *in limine*, asking the Court to bar Mr. Lucca from offering evidence or testimony regarding the amount of underinsured motorist coverage provided for in the insurance policy at issue or regarding the amount of any premiums paid for the coverage.  In the alternative, Geico asks that if the Court deems that evidence relevant and not prejudicial, the Court should also allow Geico to introduce evidence regarding the third party tortfeasor's

insurance limits and the amount of the settlement with the third party tortfeasor.  Mr. Lucca opposes the motion.

## LEGAL STANDARD

"Under the Federal Rules of Evidence, subject to certain limitations, all evidence is admissible if it is relevant, i.e., if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence."  *Forrest v. Beloit Corp.,* 424 F.3d 344, 355 (3d Cir. 2005); *see* Fed.R.Evid. 401, 402.  Pursuant to Federal Rule of Evidence 403, a court may nonetheless exclude relevant evidence if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  *Forrest,* 424 F.3d at 355 (quoting Fed R. Evid. 403).  To exclude evidence under Rule 403, "the probative value of the evidence must be 'substantially outweighed' by the problems in admitting it."  *Id.* (quoting *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343–44 (3d Cir.2002)).  However, "prejudice does not simply mean damage to the opponent's cause."  *Goodman v. Pa. Turnpike Comm'n,* 293 F.3d 655, 670 (3d Cir.2002) (internal quotation marks omitted).  Only "*unfair* prejudice," or "prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found," can tip the scales in favor of inadmissibility.  *Ansell v. Green Acres Contr. Co.,* 347 F.3d 515, 525 (3d Cir. 2003) (emphasis added).

## DISCUSSION

Until the Supreme Court of Pennsylvania issued its decision in *Ins. Fed'n of Pa., Inc. v. Koken*, 889 A.2d 550 (Pa. 2005), insureds were required to arbitrate underinsured motorist

claims.  Post-*Koken*, however, jury trials are available for underinsured motorist claims, and

heretofore unexplored issues regarding how trials in such matters should be conducted have

arisen.  Geico, in its motion *in limine*, presents one of those previously unaddressed issues –

whether information about an insured's coverage limits and paid premiums is relevant, non-

prejudicial evidence that may be introduced when the jury's only task is to determine the amount

of damages incurred by the insured.

Geico, not surprisingly, argues that the $900,000 policy limit and amount of premiums

paid by Mr. Lucca's stepfather are irrelevant, or at least unfairly prejudicial.  Geico argues that

although this is technically a breach of contract action, what is left to decide is much like a tort

action, in that although the insured is making a "first party" claim, the value of the claim is based

on "third party" principles of liability, causation, and damages.  Geico contends that neither the

amount of coverage nor the amount paid in premiums have any bearing on how severe Mr.

Lucca's injuries were.  Geico points out that once a verdict is rendered, the Court can mold the

verdict if necessary based on the amount of coverage and the policy limit of the underinsured

tortfeasor.  Geico likens this situation to claims against a tortfeasor who has insurance coverage,

in which policy limits are not admissible under Federal Rule of Evidence 411.  Geico also

argues, in the alternative, that if this evidence comes in, then Geico should be allowed to offer

evidence as to the underinsured tortfeasor's coverage and the amount of that settlement.

Case law regarding this issue in Pennsylvania is almost nonexistent, as both sides

acknowledge.[1]  The one reported federal decision on the issue permitted the evidence to be

---

[1] Other jurisdictions, however, have considered this issue.  *See, e.g., Fahey v. Safeco Ins. Co. of Am.*, 49 Conn. App. 306, 314, 714 A.2d 686, 690 (1998) ("Other jurisdictions which have addressed this issue have concluded that in uninsured and underinsured motorist cases, where the policy provisions themselves are not an issue, that it is error to admit into evidence the [underinsured] motorist policy limits and to allow counsel to argue an entitlement to recover those insurance policy proceeds," and citing *Auto–Owners Insurance Co. v. Dewberry,* 383 So. 2d 1109 (Fla. App. 1980); *Harvey v. Mitchell,* 522 So. 2d

introduced.  *See Noone v. Progressive Direct Ins. Co.*, No. 3:12cv1675, 2013 WL 8367579, at *2 (M.D. Pa. May 28, 2013).  However, the *Noone* court simply reasoned that the information would give the jury background information about the policy and help them understand the case without explaining *how* that background information would be helpful to the jury or to what disputed issue in the case the information related.  In that case, evidence of the coverage limits for both the tortfeasor's *and* the plaintiff's insurance policy was permitted, as well as evidence of the amount the plaintiff received from the tortfeasor and the amount the plaintiff paid in premiums for the plaintiff's own insurance.

Mr. Lucca relies heavily on *Noone* in his response, but without setting forth any principled reasons of his own regarding why the evidence is relevant or not unduly prejudicial. Instead, he simply parrots *Noone*'s statement that the information will provide the jury with background information about the claim.  His reliance on *Noone* is limited, however, to the inclusion of the policy limits and premiums paid on his own policy.  Despite the broad outcome in *Noone*, Mr. Lucca argues that the tortfeasor's policy limits and settlement amount should not be permitted to come into evidence, arguing that Geico will get a credit for the full amount of the tortfeasor's policy limits against any verdict the jury renders.  He does not explain why the Court should not take that same molding approach when it comes to the $900,000 Geico policy limit.

The Court acknowledges that the bar for relevance is low.  However, the amounts of the policy limits and paid premiums, facts that are undisputed and therefore not for the jury to decide, do not even reach that low bar.  The only issue for the jury to decide in this matter is the

771 (Ala. 1988); *Jones v. Lingenfelder,* 537 So. 2d 1275 (La. App. 2 Cir., 1989); *Ponder v. Groendyke Transport, Inc.,* 454 So. 2d 831 (La. App. 3d Cir., 1984), writ denied, 457 So. 2d 1195, 1198 (La.1984)) (internal quotation omitted).  *See also Jackson-Miller v. State Farm Ins. Co.*, 39 So. 3d 991 (Miss. App. 2010) (holding that trial court did not err in excluding any reference to the amount of uninsured motorist coverage, as it would have been more prejudicial than probative); *Kvamme v. State Farm Mut. Automobile Ins. Co.*, 677 N.W.2d 122 (Neb. 2004) (finding reversible error when the trial court allowed the admission of the amount of coverage available in an uninsured motorist case).

extent of Mr. Lucca's injuries from the accident.  That Mr. Lucca's policy includes a $900,000 underinsured motorist limit or that his stepfather paid a certain amount in premiums for the policy does not have "any tendency to make [any fact at issue in this case] more or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  Indeed, not only is the policy limit irrelevant in this case, introducing evidence of the policy limit may very well serve to prejudice Geico by giving the jury an anchor number that has no bearing on Mr. Lucca's damages.  For these reasons, the Court will exclude at trial any mention of the policy limits or the amount of premiums paid.  Once a verdict has been rendered by the jury on the amount of damages suffered by Mr. Lucca, the Court can mold the verdict appropriately to reflect the limits of both Mr. Lucca's policy and the third party tortfeasor's policy.

CONCLUSION

For the foregoing reasons, the Court will grant Geico's Motion *in Limine*.  An appropriate Order follows.

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge